Slip Op. 21-21

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| THE CHEMOURS COMPANY FC, LLC, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> AGC CHEMICALS AMERICA, ET AL., <br><br> Defendant-Intervenors. | Before: Timothy M. Reif, Judge <br><br> Consol. Court No. 18-00174 |

## OPINION

[The Remand Results of the United States International Trade Commission are sustained in conformity with this opinion.]

Dated: February 22, 2021

    Mary J. Alves, Cassidy Levy Kent (USA) LLP, of Washington, DC, argued for plaintiff. With her on the brief were James R. Cannon, Jr., Ulrika K. Swanson and James E. Randsell.

    Karl S. von Schriltz, Attorney-Advisor, United States International Trade Commission, of Washington, DC, argued for defendant. With him on the brief were Andrea C. Casson, Assistant General Counsel for Litigation, and Dominic L. Bianchi, General Counsel.

    Jordan C. Kahn, Grunfeld, Desiderio, Lebowitz Silverman & Klestadt LLP, of New York, NY, for defendant-intervenors PTFE Processors Alliance and Chinese respondents. With him on the brief was Max F. Schutzman.

    Russell A. Semmel, Arent Fox LLP, of Washington, DC, for defendant-intervenor Gujarat Fluorochemicals Limited. With him on the brief were Matthew M. Nolan, John M. Gurley and Claudia D. Hartleben.

Reif, Judge:  This action arises from the determinations by the United States International Trade Commission ("Commission") in its antidumping and countervailing duty investigations of Polytetrafluorethylene Resin ("PTFE") from the People's Republic of China ("China") and India.  See *Polytetrafluoroethylene Resin from China and India*, Inv. Nos. 701-TA-588 and 731-TA-1392-1393, USITC Pub. 4801 (July 2018) (Final)*,* ECF No. 33, and *Polytetrafluoroethylene Resin from China and India*, Inv. Nos. 731-TA-1392-1393, USITC Pub. 4841 (Nov. 2018) (Final), ECF No. 33 (collectively, "Final Determinations").  Before the court are the Final Results of Redetermination Pursuant to Court Remand ("Remand Results"), ECF Nos. 108-09, pursuant to the court's decision in *Chemours Co. v. United States*, 44 CIT \_\_, \_\_, 443 F. Supp. 3d 1315 (2020) ("*Chemours I*").  The Commission complied with the court's instruction and its negative injury determination is supported by substantial evidence.  Accordingly, the court sustains the remand determination.

## PROCEDURAL HISTORY

The court presumes familiarity with the facts of the case as set out in its previous opinion, *Chemours I*, ordering remand to the Commission.  See *Chemours I*, 443 F. Supp. 3d at 1320-22.  The court now recounts those facts relevant to the court's review of the Remand Results.

On September 28, 2017, plaintiff The Chemours Company FC, LCC ("Chemours") filed antidumping and countervailing duty petitions with the United States Department of Commerce ("Commerce") and the Commission.  In *Chemours I*, this court remanded the Commission's Final Determinations.  *Id.* at 1319-20.  The court

found that the Commission's post-petition data analysis was unsupported by substantial evidence and directed the Commission to reconsider the effects of the petition filings on its analysis.  *Id.* at 1320-22.  The Commission filed its Remand Results on August 4, 2020.  Views of the Commission, ECF Nos. 108-09 ("*Views*").  Defendant-Intervenors commented on the remand determination.  Comments on Remand Determination of PTFE Processors Alliance and Chinese Respondents, ECF No. 111 ("PPA and Chinese Respondents Br.").  Defendant-Intervenors the PTFE Processors Alliance ("PPA"), Chinese Respondents[1] and Gujarat Fluorochemicals Limited ("GFL") filed comments.  Comments on Remand Determination of PTFE Processors Alliance and Chinese Respondents, ECF No. 112 ("Def.-Intervenors' Br.").  Plaintiff Chemours filed comments.  Plaintiff's Comments on the Remand Determinations, ECF Nos. 113-14 ("Pl. Br.").

      Defendant-Intervenors PPA and Chinese Respondents replied.  Reply to Comments on Remand Determination of PTFE Processors Alliance and Chinese Respondents, ECF No. 115 ("PPA and Chinese Respondents Reply Br.").  Defendant-Intervenor AGC Chemicals Americas, Inc. replied.  Reply Comments by Def.-Intervenor on the U.S. International Trade Commissions' Remand Results, ECF No. 116 ("AGC Reply Br.").  Defendant United States replied.  Def. United States International Trade

---

[1] The Chinese respondents are Zhejiang Jusheng Fluorochemical Co., Ltd., Shandong Dongyue Polymer Material Co., Ltd., Shanghai Huayi 3F New Materials Sales Co., Ltd., Zhonghao Chenguang Research Institute of Chemical Industry Co., Ltd., Jiangxi Lee & Man Chemical Ltd., Jiangsu Meilann Chemical Co., Ltd., and China Chamber of Commerce of Metals, Minerals & Chemical Importers.

Consol. Court No. 18-00174 Page 4

Commission's Reply to Pl.'s Comments on Remand, ECF Nos. 117-18 ("Def. Reply Br.").

## JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction pursuant to 19 U.S.C. § 1516a(a)(2)(B)(i) (2012) and 28 U.S.C. § 1581(c), which grant the court the authority to review a determination of the International Trade Commission. The court will uphold the Commission's determinations, findings or conclusions unless they are unsupported by substantial evidence on the record or otherwise not in accordance with the law. 19 U.S.C. § 1516a(b)(1)(B)(i).

## DISCUSSION

In *Chemours I*, this court affirmed in part and remanded in part the Commission's original determinations. 443 F. Supp. 3d 1315. The court affirmed several administrative findings and issued a remand for the Commission to reconsider its reliance on post-petition data in its price effects analysis. *Id.* at 1321-34. In its original determinations, the Commission relied on the trend in prices of the domestic like product, including for the fourth quarter of 2017, as a key component in its analysis. *Views* at 43-48. In *Chemours I*, the court stated that, "[b]ecause the Commission failed to address this evidence, it is not clear, based on the Commission's Views, that the Commission considered all of the evidence on the record." 443 F. Supp. 3d at 1329. The court stated that the Commission's determination "must address and provide an explanation for how [the import price data] are consistent with the Commission's decision not to discount the data for the fourth quarter of 2017." *Id.* at 1329.

Following the court's remand, the Commission complied with this court's instructions, so the court now affirms the Commission's determinations. As instructed by this court, the Commission examined the record evidence relating to post-petition data. Remand Results at 9-14. Specifically, in its Remand Results, the Commission found that "[s]ubject import prices for product 1 from China increased throughout 2017, beginning in the first quarter," which buttressed the Commission's conclusion that subject import prices had begun to increase prior to the filing of the petition. Remand Results at 12 (citing CR/PR at Table V-3). The Commission also found that "subject import prices for sales of products 2 through 5 began to increase in the first and second quarters of 2017." *Id.* It was "[o]nly subject import prices for product 1 from India [which] began to increase after the third quarter of 2017." *Id.*

Altogether, the Commission noted, "[t]hese data are consistent with data showing that domestic prices also began to increase in early 2017, prior to the filing of the petitions, as demand recovered from the drop in 2016." *Id.* Any increased prices for domestic product *and* subject imports in the fourth quarter of 2017 represented "a continuation of existing price trends rather than a reaction to the filing of the petitions." *Id.* Thus, the Commission again determined not to accord reduced weight to post-petition data. *Id.* This analysis demonstrates that the Commission sufficiently addressed in its price effects analysis this court's concern with the post-petition data pertaining to prices of subject imports.

Despite the Commission's analysis of the data, plaintiff claims that the Commission's remand determinations "fail[] to address the issue presented by Section

Consol. Court No. 18-00174 Page 6

1677(E)(ii) in the context of the statutory scheme" and are thus insufficient to address the court's concern. Pl. Br. at 7-21. Plaintiff notes that "the statute recognizes that injury determinations involve the interplay of numerous variables and depend on conditions of competition that may differ among industries and even vary over a specific period." *Id.* at 7. "Price 'effects' calls for the Commission to do more than describe the trend in subject import prices." *Id.* at 8. The plaintiff argues that the Commission should not describe post-petition effects "in isolation," but rather examine the "interplay among demand, volume, price and the resulting (or not) impact on the domestic industry." *Id.* at 9.

The Commission retains significant discretion in weighing economic factors in its review; however, the Commission's analysis must abide by certain well-established guideposts. *Metallverken Nederland B.V. v. United States*, 14 CIT 481, 487, 744 F. Supp. 281, 286 (1990). First, the Commission is required to "consider all 'pertinent evidence' on the record of an investigation before reaching its final result." *AWP Indus., Inc. v. United States*, 35 CIT 774, 793, 783 F. Supp. 2d 1266, 1285 (2011) (quoting *Roses, Inc. v. United States*, 13 CIT 662, 665, 720 F. Supp. 180, 183 (1989)). As noted, here the court concluded that the Commission's original determination did not support the conclusion that the Commission considered all pertinent evidence in this case. The court's remand discussed how the Commission failed to consider "pertinent evidence" pertaining to post-petition trends of import prices in the U.S. market. *Id.*; *Chemours I*, 443 F. Supp. 3d at 1328-31. In this way, the remand demonstrated how

Consol. Court No. 18-00174                                                                                             Page 7

the record of the case successfully rebutted the presumption that the Commission had considered all the evidence.  *Id.*

The second guidepost is that "while the [Commission] need not address every argument and piece of evidence . . . it must address significant arguments and evidence which seriously undermines [sic] its reasoning and conclusions."  *Altx, Inc. v. United States*, 25 CIT 1100, 1117-18, 167 F. Supp. 2d 1353, 1374 (2001).  As the Statement of Administrative Action to the Uruguay Round Agreements Act makes clear, the Commission must "specifically reference . . . factors and arguments that are material and relevant, or must provide a discussion or explanation in the determination that renders evident the agency's treatment of a factor or argument."  Statement of Administrative Action, accompanying H.R. Rep. No. 103–826(I), at 892, reprinted in 1994 U.S.C.C.A.N. 4040, 4216.  Third, the Commission must "articulate a rational connection between the facts found and the choice made."  *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 167-68 (1962).  In sum, the statute and case law in this area afford substantial, but not unbounded, discretion to the Commission to set forth and explain its analysis.

Consistent with the foregoing, a more clear and connected analysis by the Commission would have been helpful in this case, notwithstanding the Commission's protestations concerning its ability to weigh the evidence of record.

Nonetheless, the court finds that such an analysis, while useful in explaining its decision to the parties and the public, was not necessary here.  As the court discussed in *Chemours I*, "[t]he Commission has wide discretion in deciding how to weigh post-

petition information." 443 F. Supp. 3d at 1328 (citing *Nitrogen Solutions Fair Trade Comm. v. United States*, 19 CIT 86, 101, 358 F. Supp. 2d 1314, 1329 (2005)). The court [asked] the Commission to "explain its lack of findings with respect to subject import prices in the Commission's post-petition analysis," 443 F. Supp. 3d at 1329-30, and the Commission did so. As Defendant-Intervenors point out in their brief, in its Remand Results, the Commission "identif[ied] substantial corroborating data for its findings with respect to prices." PPA and Chinese Respondents Reply Br. at 10 (citing *Chemours I*, 443 F. Supp. 3d at 1322). Whether addressing these specific data points in a different manner would have altered the conclusion of the Commission's analysis is not the question before the court. As defendant points out, "the focal point on appeal is not what methodology Plaintiffs would prefer, but on whether the methodology actually used by the Commission was reasonable." Def. Br. at 18 (quoting *Shandong TTCA Biochemistry Co. v. United States*, 35 CIT 545, 559, 774 F. Supp. 2d 1317, 1329-30 (2011) (citations and internal quotations omitted)). For this reason, the court finds no basis to invalidate the analysis relating to post-petition data in the Commission's Remand Results.

## CONCLUSION

For the foregoing reasons, the Commission's remand determination is supported by substantial evidence and in accordance with law and is, therefore, sustained. Judgment will enter accordingly.

/s/ Timothy M. Reif
Timothy M. Reif, Judge

Dated: February 22, 2021
New York, New York